IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Criminal No. PJM 97-0408 |
| ANGELO A. PLATER | * | |
| Defendant | * | |

## OPINION

On May 7, 1998, Defendant Angelo Plater ("Plater") pleaded guilty to one count of possession with intent to distribute more than 150 grams of cocaine base, in violation of 21 U.S.C. § 841. He was sentenced on November 13, 1998 to 168 months of incarceration, followed by five years of supervised release. On March 28, 2008, Plater filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G.") pertaining to cocaine base ("crack") offenses .

The Government opposes Plater's Motion.

Having considered the parties' briefs, the Court **DENIES** Plater's Motion.

### I.

The guideline applicable to Plater's offense called for a base offense level of 34. *See* United States Sentencing Commission, Guidelines Manual, §2D1.1(a)(3)(c)(3) (Nov. 2007). However, at sentencing, Plater was found to be a career criminal within the meaning of Section 4B1.1(A) of the Sentencing Guidelines. Thus, the Court applied a base offense level of 37 as determined under U.S.S.G. § 4B1.1. The Court then determined that a seven-level reduction to

the base offense level was appropriate: a three-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a) & (b) and a four-level reduction for substantial assistance under U.S.S.G. §5K1.1. Based on a final offense level of 30 and a criminal history category of VI, the Court determined Plater's guideline range to be 168 to 210 months of incarceration. The court sentenced Plater to 168 months of incarceration, the low end of the range.

## II.

In support of his Motion, Plater argues that because the Court imposed a sentence below the range calculated by the career offender guideline, his sentence was not derived exclusively from that guideline. Thus, he submits that the Court has the authority under 18 U.S.C. §3582 to reduce his sentence because his sentence was based at least in part upon the offense level for the "crack" offense contained in U.S.S.G. §2D1.1, which has subsequently been lowered by Amendment 706.

The Government responds that because Plater was found to be a career offender, his base offense level was calculated pursuant to the career offender guideline, U.S.S.G. § 4B1.1, not the "crack" guideline, U.S.S.G. §2D1.1. The Government further argues that because Amendment 706 has no effect on Plater's status as a career offender, it has no effect on the sentencing range applicable to him and the Court therefore lacks authority under 18 U.S.C. § 3582 to reduce Plater's sentence. The Court agrees with the Government.

## III.

As part of its continuing consideration of federal cocaine sentencing policies to address disparities in the sentences of defendants who possess or distribute various forms of cocaine, the United States Sentencing Commission, on November 1, 2007, adopted Amendment 706 which essentially provides a two-level reduction in the offense level for "crack" offenses under section

2D1.1 of the United States Sentencing Guidelines. *See* U.S.S.G., Supp. to App. C, Amend. 706, at 229-231. The Sentencing Commission gave retroactive effect to Amendment 706, beginning March 3, 2008. *See* U.S.S.G., Supp. to the 2007 Guidelines Manual, at 1-4. That amendment effectively revived this Court's authority to modify certain of its sentences since Title 18, Section 3582(c)(2) of the United States Code authorizes a court to modify a defendant's sentence where it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(2). On the other hand, such a reduction is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 comment. (n.1(A)(ii)) (Supp. to 2007 Guidelines Manual).

In the present case, there is no dispute that Plater's career offender status was appropriately determined: the instant offense involved a felony controlled substance offense; he was 18 years or older at the time of its commission; and his criminal record included at least two prior felonies that were controlled substance offenses. U.S.S.G. §4B1.1(a). That the Court may have imposed a sentence less than the career offender guideline after granting reductions for acceptance of responsibility and substantial assistance does not negate the fact that Plater was determined to be a career offender nor the fact that his base offense level was derived from the career offender guideline; Plater meets the definition of a career offender regardless of Amendment 706's revisions to U.S.S.G. § 2D1.1. *Cf. United States v. Rivera*, 535 F. Supp.2d 527, 529-30 (E.D. Pa. 2008) (finding defendant's status as career offender unchanged by a subsequent Federal Rule of Criminal Procedure 35(b) reduction and denying defendant's motion for an additional sentence reduction under §3582 and Amendment 706).

Similarly, because Amendment 706 did not change Plater's career offender status, it does not change the base offense level and criminal history category applicable to him. As a career offender, his criminal history category was automatically Category VI and his base offense level of 37 was determined by the statutory maximum for his offense. *See* U.S.S.G. § 4B1.1(b) (providing that a career offender's criminal history category is always Category IV); 21 U.S.C. § 841(b)(1)(A)(iii) (providing that the maximum term of imprisonment for this offense is life imprisonment); U.S.S.G. § 4B1.1(b)(A) (providing that a statutory maximum of life imprisonment corresponds to a base offense level of 37). It is true that, at sentencing, the Court applied a seven-level reduction to the base offense level for acceptance of responsibility and substantial assistance, resulting in a final offense level of 30. But Plater's criminal history category remained a VI, which is to say career offender level.

As a career offender, the guideline range applicable to Plater was prescribed by Section 4B1.1 rather than Section 2D1.1, *i.e.*, the guideline for the "crack" offense, with the result that Amendment 706 does <u>not</u> have the effect of lowering the applicable guideline range. The Fourth Circuit has firmly agreed with this analysis, holding in similar cases that while the "base offense level corresponding to the determined drug quantity would be lower as a result of Amendment 706, the amendment is ultimately of no consequence because calculation of [defendant's] base offense level was driven by the career offender designation." *United States v. Bronson*, 2008 WL 539796, at *3 (4th Cir. February 27, 2008); *see also United States v. Gray*, 2008 WL 895012, at *2 (4th Cir. April 2, 2008).

## V.

For the foregoing reasons, the Court **DENIES** Defendant Platers's Motion for Reduction of Sentence.

A separate order will ISSUE.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**June 24, 2008**